Person Boston was sentenced in the spiritual court for adultery, and deposed; then a general pardon came out, pardoning the crime of adultery. It was adjudged that the crime being pardoned, the judgment thereupon shall be pardoned and destroyed, and his deposition void. It was on the last day of the sitting that the pardon was granted by Parliament; therefore it could reverse the judgment, but it is otherwise of an act of grace, which is merely out of the grace and favor of the King.
Curia. A general pardon of Parliament, although it be granted on the last day, and at the end of the Parliament, shall relate as an act to the first day of the session. But a pardon of grace, as a special pardon, relates only to the sealing and date of it. Therefore, if one makes an usurious contract, and the Parliament sits, then judgment is given on an information on the statute of usury, and afterwards a general pardon is granted, this pardon relates to the first day of the session, and consequently, the usurious contract being pardoned, the judgment on it falls to the ground. But it is otherwise if, after a judgment in such a case, a special pardon for usurious contracts be procured. See 36 H., 2, 5. A charter of pardon shall have relation to the time of its date and not to that of the delivery, because it is a matter of record; otherwise of a matter of fact. A special pardon shall be taken in favor of the King, because it comes at the suit of the party; but a general pardon shall be taken more to the advantage of the party, because it comes from the King, and of his special grace and ex mero motu. *Page 648